**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on November 25, 2009, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: November 25, 2009**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 09-11503 |
| | ) | |
| JAY A. FLACK, | ) | Chapter 7 |
|     Debtor. | ) | |
| _____ | ) | |
| DAVID SIMON, | ) | Adversary Proceeding |
|     Plaintiff, | ) | No. 09-1146 |
| | ) | |
| v. | ) | Judge Arthur I. Harris |
| | ) | |
| JAY A. FLACK, *et al.*, | ) | |
|     Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the motion for partial summary judgment of the plaintiff-trustee, David Simon, and the briefs in opposition of two defendant-creditors, JP Morgan Chase Bank, N.A., and National City Bank. At issue is whether the trustee is entitled to avoid two mortgages because in each

_____
[1] This Memorandum of Opinion is not intended for official publication.

mortgage the notary's certificate of acknowledgment failed to recite the names of the parties whose signatures were acknowledged.  For the reasons that follow, the Court holds that both mortgages were not executed in accordance with Ohio's statutory requirements and can be avoided by the trustee.  Accordingly, the trustee's motion for partial summary judgment is granted.

## FACTS AND PROCEDURAL BACKGROUND

The following facts are undisputed.  The debtor, Jay Flack, and his wife, Sheila Flack, are joint owners of the real property located at 6538 Fry Road, Brook Park, Ohio 44142.  On February 9, 2005, Washington Mutual ("WaMu") extended a loan to the Flacks.  The loan was secured by a mortgage of the real property, which was recorded in the Cuyahoga County Recorder's office, Instrument No. 200502090537.

Pages 15 and 16 of the WaMu mortgage (Docket # 18 Ex. B ) provide in pertinent part:

> BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.
> WITNESS
>
> X     /s/ Dominic LaMonica
>     Dominic LaMonica (handwritten)
>                                             WITNESS
>
> --------------------------PAGE BREAK--------------------------

X   /s/ Jay Flack
    JAY FLACK

X   /s/ Sheila Flack
    Sheila Flack [handwritten]

-----(Space Below This Line For Acknowledgment----------

STATE OF OHIO

COUNTY OF   Cuyahoga

The foregoing instrument was acknowledged before me this   February 3, 2005  by

  /s/ Dominic LaMonica
(Signature)         Notary Public

  Dominic Lamonica    State of Ohio
(Printed Name)

  My commission expires : 12/9/08
(Serial Number, if any)

    ***

WaMu was later acquired by defendant JPMorgan Chase Bank, N.A., ("Chase").

Also on February 9, 2005, defendant National City Bank ("NCB"), extended a loan to the Flacks. The loan was secured by a second mortgage on the premises, which was recorded in the Cuyahoga County Recorder's Office, Instrument No. 200502090536.

3

Page 5 of the NCB mortgage (Docket #18 Ex. C) provides in pertinent part:

SIGNATURES: By signing below, Mortgagor agrees to the terms and covenants contained in this Security Instrument and in any attachments. Mortgagor also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.

| /s/ Jay Flack    2/3/05 | /s/ Sheila M. Flack |
|---|---|
| (Signature)  JAY FLACK  (Date) | SHEILA M. FLACK [handwritten]  2/3/05 |
|  | (Signature)                    (Date) |

ACKNOWLEDGMENT:

STATE OF __Ohio__, COUNTY OF __Cuyahoga__ }ss.
This instrument was acknowledged before me this __3rd__ day of __February, 2005__
by _____.
My commission expires:
     (Seal)  12/9/08
               /s/ Dominic LaMonica
              Dominic LaMonica (Notary Public) State of Ohio

***

On February 28, 2009, Jay Flack filed a petition under Chapter 7 of the Bankruptcy Code (case # 09-11503). On April 24, 2009, the trustee of the Chapter 7 estate initiated this adversary proceeding seeking to avoid the NCB and WaMu mortgages and to sell the debtor's and the debtor's wife's interests in the real property pursuant to section 363(h) of the Bankruptcy Code. The complaint named as defendants the Flacks, NCB, PNC Bank, N.A., ("PNC"), WaMu, and Chase. The Flacks, Chase (the current holder of the WaMu mortgage), and NCB filed answers to the complaint. On June 12, 2009, the trustee voluntarily dismissed PNC. On July 1, 2009, the trustee, Chase, and NCB filed stipulations of fact. On July 20, 2009, the trustee filed a motion for partial summary judgment seeking to avoid the mortgages held by NCB and Chase. Briefing on the trustee's motion for

4

partial summary judgment is complete, and the Court is ready to rule.

## JURISDICTION

Determinations of the validity, extent, or priority of liens are core proceedings under 28 U.S.C. section 157(b)(2)(K). The Court has jurisdiction over core proceedings under 28 U.S.C. sections 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment, if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts

supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). The Court shall view all evidence in a light most favorable to the nonmoving party when determining the existence or nonexistence of a material fact. *See Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

Under the "strong arm" clause of the Bankruptcy Code, the bankruptcy trustee has the power to avoid transfers that would be avoidable by certain hypothetical parties. *See* 11 U.S.C. § 544(a). Section 544 provides in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> . . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be

6

> perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. §544. Any transfer under section 544 is preserved for the benefit of the estate. *See* 11 U.S.C. § 551.

Both mortgages provide that federal law and the law of the jurisdiction in which the property is located will control. Because the real property in question is located in Ohio, the Court will apply Ohio law to determine whether the trustee can avoid the mortgages using the "strong arm" clause. *See Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir. 2001) (applicable state law governs determination whether hypothetical bona fide purchaser can avoid mortgage).

Under Ohio law, a bona fide purchaser is a purchaser who " 'takes in good faith, for value, and without actual or constructive knowledge of any defect.' " *Stubbins v. Am. Gen. Fin. Serv., Inc. (In re Easter)*, 367 B.R. 608, 612 (Bankr. S.D. Ohio 2007), *quoting Terlecky v. Beneficial Ohio, Inc. (In re Key)*, 292 B.R. 879, 883 (Bankr. S.D. Ohio 2003); *see also Shaker Corlett Land Co. v. Cleveland*, 139 Ohio St. 536 (1942). The Bankruptcy Code expressly provides that a bankruptcy trustee is a bona fide purchaser regardless of actual knowledge. *See In re Zaptocky*, 250 F.3d at 1027 ("actual

7

knowledge does not undermine [trustee's] right to avoid a prior defectively executed mortgage."). Because actual knowledge does not affect the trustee's strong-arm power, the Court need only determine whether the trustee had constructive knowledge of the prior interests held by the defendants, NCB and Chase.

Ohio law provides that "an improperly executed mortgage does not put a subsequent bona fide purchaser on constructive notice." *Zaptocky*, 250 F.3d at 1028. Ohio courts have refused to allow a recorded mortgage to give constructive notice when the mortgage has been executed in violation of a statute. *See In re Nowak*, 104 Ohio St. 3d 466, 469 (2004) (listing cases). The key question, then, is whether the mortgages were executed in compliance with, or substantially conform to applicable statutory law. Because the issue is the same for each mortgage, the Court will analyze the two mortgages together.

*The Mortgages Were Not Properly Executed
in Accordance with Ohio Revised Code § 5301.01*

Ohio Revised Code § 5301.01, requires four separate acts to properly execute a mortgage: (1) the mortgage shall be signed by the mortgagor; (2) the mortgagor shall acknowledge his signing in front of a notary public, or other qualified official; (3) the official shall certify the acknowledgment; and (4) the

8

official shall subscribe his name to the certificate of acknowledgment. Ohio Rev. Code § 5301.01(A) (2004); *see Drown v. GreenPoint Mortgage Funding, Inc.* (*In re Leahy*), 376 B.R. 826, 832 (Bankr. S.D. Ohio 2007) (listing four requirements provided by Ohio Rev. Code. § 5301.01).[2] At issue in this case is whether the certificates of acknowledgment, which omitted the names of the borrowers in both mortgages, satisfy the third requirement to proper execution of a mortgage.

Certification of an acknowledgment is governed by Ohio Revised Code sections 147.53-147.58. Ohio Revised Code section 147.53 provides:

> The person taking an acknowledgment shall certify that:
>
> (A) The person acknowledging appeared before him and acknowledged he executed the instrument;
>
> (B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

---

[2] In *Zaptocky*, the Sixth Circuit identified "three major prerequisites for the proper execution of a mortgage: (1) the mortgagor must sign the mortgage deed; (2) the mortgagor's signature must be attested by two witnesses; and (3) the mortgagor's signature must be acknowledged or certified by a notary public." *Zaptocky*, 250 F.3d at 1024. The differences between *Zaptocky's* three requirements and *Leahy's* four requirements are (A) the deletion in *Leahy* of *Zaptocky's* second requirement – attestation by two witnesses – due to a change in the statute, and (B) the *Leahy* court's breaking down of *Zaptocky's* third requirement – certification of acknowledgment – into three separate parts.

9

The Ohio Revised Code further provides that a certificate of acknowledgment is acceptable in Ohio if it is in a form prescribed by the laws or regulations of Ohio or contains the words "acknowledged before me," or their substantial equivalent. Ohio Rev. Code § 147.54. Ohio's statutory short form acknowledgment for an individual is as follows:

> State of _____
>
> County of _____
>
> The foregoing instrument was acknowledged before me this (date) by (name of person acknowledged.)
>
> (Signature of person taking acknowledgment)
> (Title or rank) (Serial number, if any)

Ohio Rev. Code § 147.55(A).

The trustee argues that both mortgages were improperly recorded because the certification of acknowledgment clauses do not conform to section 5301.01 of the Ohio Revised Code. Specifically, the trustee asserts that the clauses fail to identify the names of the parties who acknowledged their own signatures. The Court agrees. Recent case law, including a 2008 decision from the Sixth Circuit BAP, supports the trustee's position that an acknowledgment is defective if it fails to identify the person whose signature is being acknowledged. See *In re Nolan*, 383 B.R. 391, 396 (6th Cir. B.A.P. 2008); *In re Sauer*, __B.R. __,

10

No. 08-52152, Adv. No. 08-2178, 2009 WL 3064782 (Bankr. S.D. Ohio Sept. 25, 2009); *Daneman v. Nat'l City Mortg. Co. (In re Cornelius)*, 408 B.R. 704, 708 (Bankr. S.D. Ohio 2009) ("The absence of the name of the mortgagee acknowledging election is the functional equivalent of no certificate of acknowledgment and renders an acknowledgment insufficient."); *Drown v. Coutrywide Home Loans, Inc. (In re Peed)*, 403 B.R. 525, 531 (Bankr. S.D. Ohio 2009) *appeal docketed* No. 2:09cv347 (S.D. Ohio May 1, 2009); *Terlecky v. Countrywide Home Loans, Inc. (In re Baruch)*, No. 07-57212, Adv. No. 08-2069, 2009 Bankr. Lexis 608 at *22 (Bankr. S.D. Ohio Feb. 23, 2009) ("An acknowledgment clause containing nothing relative to the mortgagor's identity is insufficient; rather, an acknowledgment clause must either identify the mortgagor by name or contain information that permits the mortgagor to be identified by reference to the mortgage."); *In re Leahy*, 376 B.R. at 832. *See also Smith's Lessee v. Hunt*, 13 Ohio 260, 269 (1844) (holding that court was unable to infer name of grantor when acknowledgment was blank as to the grantor and, thus, the mortgage was defective and did not convey title).

The holdings in *Nolan*, *Smith's Lessee*, and similar cases are also supported by case law interpreting almost identical statutory provisions for acknowledgment clauses in Kentucky and Tennessee. *See, e.g., Gregory v. Ocwen Fed. Bank (In re*

11

*Biggs)*, 377 F.3d 515 (6th Cir. 2004) (affirming bankruptcy court's decision avoiding deed of trust under section 544 and Tennessee law when deed of trust omitted names of acknowledging parties); *Select Portfolio Servs. v. Burden (In re Trujillo)*, 378 B.R. 526 (6th Cir. B.A.P. 2007) (affirming bankruptcy court's decision avoiding mortgage under section 544 and Kentucky law when debtor was not named or identified in certificate of acknowledgment).

Nor did the execution of either mortgage "substantially comply" with the statutory requirements. When the validity of a mortgage is challenged for failure to comply with the statutory mandates of Ohio Revised Code section 5301.01, a court can "review the nature of the error and the balance of the document to determine whether or not the 'instrument supplies within itself the means of making the correction.' " *Menninger v. First Franklin Fin. Corp. (In re Fryman)*, 314 B.R. 137, 138 (Bankr. S.D. Ohio 2004) (quoting *Dodd v. Bartholomew*, 44 Ohio St. 171, 176 (1886)). This principle enunciated by the *Dodd* court essentially allows a court to determine whether the execution of a mortgage is in "substantial compliance" with section 5301.01. *See In re Fryman*, 314 B.R. at 138. Under Ohio law, a mortgage that substantially complies with section 5301.01 will be considered valid. *See Drown v. EverHome Mortg. Co. (In re Andrews)*, 404 B.R. 275, 279 (Bankr. S.D. Ohio 2008) (citing *Mid-American*

12

*Nat'l Bank & Trust*, 451 N.E.2d 1243, 1245-46 ) (Ohio Ct. App. 1982)).

In the present case, while the Flacks initialed the first four pages of the NCB mortgage, and the notary also signed his name as a witness to the WaMu mortgage, the Court does not accept the argument that these additional facts are enough to constitute substantial compliance with section 5301.01 for either mortgage. *See In re Peed*, 403 B.R. at 534-36 (presence of initials on each page of mortgage, including acknowledgment clause page, and notary's service as witness to mortgage execution did not substantially comply with requirement that acknowledgment clause identify person whose signature is being acknowledged); *accord In re Cornelius*, 408 B.R. at 708; *In re Andrews*, 404 B.R. at 279. Moreover, unlike the acknowledgment clause in *Fryman*, which contained the recitation "that 'they' examined, read, and signed the instrument of 'their' free act and deed," with the plural pronouns "they" and "their" handwritten in by the notary, 314 B.R. at 138, both acknowledgment clauses in the present case simply recite that the "instrument was acknowledged before me [this 3rd day of February 2005] by [blank]."

Therefore, both mortgages were improperly executed because the certifications of acknowledgment failed to indicate who appeared before the notary public as required under Ohio Revised Code section 5301.01. The trustee

13

is not charged with constructive notice of the mortgages between the debtor the defendants Chase Bank and NCB.

## CONCLUSION

For the reasons stated above, the Court holds that the certificates of acknowledgment are defective and the trustee can avoid both mortgages. Accordingly, the trustee's motion for partial summary judgment is granted as there are no disputed issues of material fact. While it appears that this decision is largely dispositive, the trustee has not sought summary judgment as to Count III of the complaint — authority to sell the debtor's and the debtor's wife's interests in the real property pursuant to section 363(h) of the Bankruptcy Code. Therefore, this is not a final judgment for purposes of 28 U.S.C. § 158. *See* Bankr. Rule 7054 and Fed R. Civ. P. 54(b). The Court will conduct a status conference at 1:30 p.m. on December 8, 2009. Counsel shall be prepared to advise the Court as to what additional steps are needed to resolve all remaining claims in this adversary proceeding.

IT IS SO ORDERED.